UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
JOSE FIGUEROA,

        Plaintiff,

vs.

153 EAST 33RD ST FAMILY LIMITED
PARTNERSHIP, ALFREDO BATTAGLIA,
PETER MATHIAS and LTF2 LLC,

        Defendants.
-------------------X

COMPLAINT

Case No.:

JURY TRIAL DEMANDED

      Plaintiff, JOSE FIGUEROA (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues 153 EAST 33RD ST FAMILY LIMITED PARTNERSHIP, ALFREDO BATTAGLIA, PETER MATHIAS and LTF2 LLC (hereinafter, the "Defendants") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

      1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331, 1343, 2201 and pursuant to §1367(a) and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

1

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York and the acts of discrimination alleged in this complaint occurred in this District and the public accommodation which is the subject of this action is situated in this District.

3.      The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4.      At the time of Plaintiff's visit to the Defendants' Subject Facility in February of 2018 prior to instituting the instant action, JOSE FIGUEROA (hereinafter referred to as "Plaintiff") was a resident of the State of New York. He is an individual with numerous disabilities including spinal stenosis which causes a restriction to his spinal canal, resulting in neurological deficits. At the time of Plaintiff's visit to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA.

5.      The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of the facilities at Defendants' Property, which is the subject of this lawsuit.

6.      Upon information and belief Defendants are authorized to conduct and is conducting business within the State of New York and is the owner, lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property") and the owner of the improvements of the Subject Facility which is located at 153 East 53rd Street, New York, New York 10016 (hereinafter and heretofore referred to collectively as "Subject Facility").

7. Upon information and belief the defendants maintain, manage and control the Subject Facility, established as a bar and restaurant, La Tarte Flambee, and is a "place of Public Accommodation" within the meaning of Title III of the ADA because its operations affect commerce and among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. §12181(7)(B); see 28 C.F.R. §3 6.104. All events giving rise to this lawsuit occurred in the City and State of New York and as such venue is proper in this Court as the premises are located in the City and State of New York.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

8. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

9. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv) individuals with disabilities continually suffer forms of

>> discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.
>
> 42 U.S.C. §12101(a)(1) -(3), (5) and (9).

10. Congress explicitly stated that the purpose of the ADA was to:

> (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.
>
> 42 U.S.C. §12101(b)(1)(2) and (4).

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of Public Accommodation in that it is a bar and restaurant which provides goods and services to the public.

12. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

13. Defendants have discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C.§12182(b) (2) (a)(iv), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact. Plaintiff specifically intends to visit the Restaurant in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State and New York City Human Rights Law. The barriers to access the Restaurant have effectively denied Plaintiff's ability to visit the property and have caused embarrassment, anxiety and frustration to the Plaintiff by not being able to access the Restaurant.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

Failure to provide accessible entrance due to the three steps at said entrance to the Bar and Restaurant and the failure to install ramps with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36.  Standards 4.3.2(1) requires at least one accessible route be provided from public streets or sidewalks to the accessible building entrance they serve. The steps at the entrance to the Restaurant means there is no accessible route for a wheelchair. The steps at the entrance violate 206.1, 206.2, and 206.2.1 by failing to provide an accessible route from the city sidewalk to the restaurant entrance. The steps violate 206.4 which require that entrances shall comply with 404 and be on an accessible route complying with 402. The presence of the steps at the entry door violates 2010 Standards 303.4 which requires that changes in level greater than 1/2" be ramped, and shall comply with 405 or 406. There is no 18" space on the sides of the doors as required by 2010 Standards 404.2.4 .3.

Required minimum maneuvering clearance not provided at entrance door to the restaurant; Failure to provide accessible seating for a disabled person(s) at a bar or adjacent table in the bar area as required by 2010 ADAAG §902, 902.1, 902.3, 4.32.4. 227.3 Counters. Where provided, at least one of each type of sales counter and service counter shall comply with 904.4. Where counters are dispersed throughout the building or facility, counters complying with 904.4 also shall be dispersed. 904.2 Approach. All portions of counters required to comply with 904 shall be located adjacent to a walking surface complying with 403. 904.3.2 Counter. The counter surface height shall be 38 inches (965 mm) maximum above the finish floor or ground. The top of the counter edge protection shall be 2 inches (51 mm) maximum above the top of the counter surface on the aisle side of the check-out counter. 904.4 Sales and Service Counters. Sales counters and service counters shall comply with 904.4.1 or 904.4.2. The accessible portion of the counter top shall extend the same depth as the sales or service counter top.

Inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables. Compliant signage identifying the restroom not provided as required. Failure to provide an accessible pathway, of at least 36 inches in width, in front of restroom area, in violation of 28 C.F.R. Part 36, Section 4.3.3.

Failure to provide at least one lavatory that has a clear floor space for a forward approach of at least 30 inches wide and 48 inches long as required by 2010 ADAAG § 606.2; Failure to provide sufficient clear floor space around a water closet which does not allow for any obstructing elements in this space as required by 2010 ADAAG §§ 4.22, 603, 603.2.3, 604, 604.3 and 604.3.1. Failure to provide sufficient clear floor space/sufficient turning radius, in the restroom, and failure to provide safe adequate maneuverability.

Failure to rearrange stall partitions and/or walls to provide sufficient accessibility and

maneuvering space in restroom for individuals with disabilities, as required by 28 C.F.R. Part 36, Section 4.17. Failure to provide a clear path to the water closet that is the proper width as required by 2010 ADAAG § 403.5.1; Failure to provide accessible restroom door handle, that can be operable with one hand and does not require tight grasping, pinching or twisting of the wrist, as required by 28  C.F.R Part 36, Sections 4.13.9 and 4.27.4. Failure to provide at least 17 inches depth clearance under lavatories as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath. Failure to provide at least 17 inches depth clearance under lavatories as required by 28 C.F.R. Part 36, Section 4.19.2, and storage of items underneath. Failure to provide a hand operated flush control located on the open side of the accessible water closet as required by Section 604.6. Failure to provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatory for accessibility, in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2. Failure to provide paper towel dispenser in restroom at an accessible height, as required by 28 C.F.R. Part 36, Section 4.22.7. Failure to provide soap dispenser at an accessible height in restroom, as required by 28 C.F.R. Part 36, Section 4.22.7. Failure to install accessible mirror in restroom in compliance with 28 C.F.R. Part 36, Section 4.19.6.

Failure to provide an accessible locking mechanism on restroom door that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4. Failure to provide ADA compliant signage in restroom area in violation of 28 C.F.R. Part 36, Section 4.30.

Failure to install the required rear grab bar in restroom, around an accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.6. Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).
Failure to provide signage in the Subject Facility addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4. Photographs depicting some of the discriminatory barriers are annexed as *Exhibit A,* made a part hereof and incorporated by reference herein.

17. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only upon a full inspection can   all said violations be identified.

18. To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

21. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. sections 12188(b) (1) (B) (i), (b) (2) (A) (IV), and 28 C.F.R. Sec. 503(a).

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

22. The New York City Human Rights Law provides:

   (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

   NYC Admin. Code § 8-107(4)(a).

23. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

24. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 as if set forth in their entirety herein.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

25. The New York State Human Rights Law provides:
   (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages,

facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability ……NYS Executive Law § 296 (2)(a).

26. Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

27. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

28. Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

29. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law §296(2)(c)(iii).

30. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as if set forth in their entirety here.

31. As a direct and proximate result of Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to humiliation, embarrassment, stress and anxiety.

**<u>ATTORNEYS' FEES AND COSTS</u>**

32. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including

compensatory damages contemplated by **§** 297(9).

## **DAMAGES**

33. Plaintiff demands compensatory damages in the sum of TWENTY- FIVE THOUSAND DOLLARS ($25,000.00) per violation of the NYCHRL and the NYSHRL, severally;

## **INJUNCTIVE RELIEF**

34. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the New York City Human Rights Law, Executive Law and of the New York State Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA, the NYCHRL and the NYSHRL;  issue a

permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

C. Award Plaintiff compensatory damages in a sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) per violation, of the NYCHRL and the NYSHRL, severally;

D. Issue a permanent injunction against the defendant, requiring Defendants, and all persons or entities in active concert therewith, to provide accessible route into the Restaurant and Bar at the Premises for individuals who use wheelchairs, and to make all public portions of the Premises accessible.

E. Find that Plaintiff is a prevailing party in this lawsuit and award reasonable attorney's fees, costs and expenses against Defendants, and award such other and further relief, at law or in equity, to which Plaintiff may be justly entitled;

F. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

G. The Court awards such other and further relief as it deems necessary, just and proper.

## JURY DEMANDED

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated: Syosset, New York
       March 23, 2018

                                                                       S/S
                                        Stuart H. Finkelstein, Esq.
                                        FINKELSTEIN LAW GROUP, PLLC
                                        Attorneys for Plaintiff
                                        338 Jericho Turnpike
                                        Syosset, New York 11791
                                        Telephone: (718) 261-4900

Ext "A"





