UNITED STATES DISTRICT COURT
SOUITHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSE FIGUEROA,   Case No.: 18-cv-02621

                Plaintiff,   **ANSWER**

    -against-

153 EAST 33RD ST FAMILY LIMITED
PARTNERSHIP, ALFREDO BATTAGLIA,
PETER MATHIAS and LTF2 LLC,

                Defendants.
------------------------------------------------------------X

       The defendants, **MATHIAS PETER s/h/a PETER MATHIAS and LTF2 LLC**, appearing herein by **KATHLEEN E. NEGRI STATHOPOULOS, ATTORNEY AT LAW**, answering the complaint of the plaintiff, alleges upon information and belief the following:

### JURISDICTION AND PARTIES

    **FIRST:**    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as "1", "2" and "3", and respectfully refers all questions of law and fact therein to the Trial Court.

    **SECOND:**    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the complaint designated as follows:   4

**THIRD:** Denies upon information and belief each and every allegation in the paragraphs of the complaint designated as follows: 5 and 6.

**FOURTH:** Denies upon information and belief each and every allegation in the paragraph of the complaint designated as "7", and respectfully refers all questions of law and fact therein to the Trial Court.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

**FIFTH:** Respectfully refers any and all questions of law to the Trial Court as to the allegations contained in the paragraphs of the complaint designated as follows: 8, 9, 10, 15 and 20.

**SIXTH:** Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the complaint designated as "11", and respectfully refers all questions of law and fact therein to the Trial Court.

**SEVENTH:** Denies upon information and belief each and every allegation in the paragraph of the complaint designated as follows: 12.

**EIGHTH:** Denies upon information and belief each and every allegation in the paragraphs of the complaint designated as "13", "14", "16", "17", "18", "19" and "21", and respectfully refers all questions of law and fact therein to the Trial Court.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

**NINTH:** Respectfully refers any and all questions of law to the Trial Court as to the allegations contained in the paragraph of the complaint designated as "22".

**TENTH:** Denies upon information and belief each and every allegation in the paragraph of the complaint designated as "23", and respectfully refers all questions of law and fact therein to the Trial Court.

**ELEVENTH:** Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "22" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "24" of the complaint.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

**TWELVTH:** Respectfully refers any and all questions of law to the Trial Court as to the allegations contained in the paragraph of the complaint designated as "25".

**THIRTEENTH:** Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the complaint designated as "26", and respectfully refers all questions of law and fact therein to the Trial Court.

**FOURTEENTH:** Denies upon information and belief each and every allegation in the paragraphs of the complaint designated as "27", "28", "29" and "31", and respectfully refers all questions of law and fact therein to the Trial Court.

**FIFTEENTH:** Repeats and reiterates each and every admission and denial to the allegations set forth in paragraphs "1" through "27" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "30" of the complaint.

### ATTORNEYS' FEES AND COSTS

**SIXTEENTH:** Denies upon information and belief each and every allegation in the paragraph of the complaint designated as "32", and respectfully refers all questions of law and fact therein to the Trial Court.

### DAMAGES

**SEVENTEENTH:** Denies upon information and belief each and every allegation in the paragraph of the complaint designated as "33", and respectfully refers all questions of law and fact therein to the Trial Court.

### INJUNCTIVE RELIEF

**EIGHTEENTH:** Respectfully refers any and all questions of law to the Trial Court as to the allegations contained in the paragraph of the complaint designated as "34".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a viable cause of action against the Defendant with the requisite particularity or specificity, and fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The complaint is barred because then plaintiff is not a qualified individual with a disability within the meaning of the Americans with Disabilities Act 42 U.S.C. Section 12181, et seq. ("ADA")

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The complaint is barred because the defendant did not deny the plaintiff full and equal opportunity to utilize their property on the basis of an alleged disability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The removal of architectural barriers to access at the subject premises is not readily achievable, and/or could not be easily accomplished without much difficulty and expense; and constitutes an undue burden that would fundamentally alter the subject property.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The complaint is barred because the plaintiff lacks standing to bring the action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The complaint must be dismissed because the plaintiff does not have a good faith intent to return to the subject property and to patronize its facilities.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the New York State Human Rights law must be dismissed because the defendant's property is eligible for an exemption based on bonafide considerations of public policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, to the extent that they are based on the ADA's criteria for new construction.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an injunctive relief because he has failed to show an injury-in-fact or a threat of real and immediate harm.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

The complaint in whole or part is barred by the applicable Statute of Limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant has complied with all applicable laws, regulations and standards.

### RESERVATION OF RIGHTS

Defendant reserves its right to add additional affirmative defenses as may become known to defendant during disclosure.

### AS AND FOR THE CROSS-CLAIM AGAINST CO-DEFENDANT 153 EAST 33RD ST FAMILY LIMITED PARTNERSHIP AND ALFREDO BATTAGLIA

**NINTEENTH:** That if plaintiff was caused to sustain damages by reasons of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-defendant, its agents, servants and/or employees, and not by this answering defendant, such defendant will be damaged thereby, and co-defendant is or will be responsible therefore in whole or in part.

By reason of the forgoing the answering defendants are entitled to full indemnity, and/or contribution from, and to judgment over and against the co-defendants, 153 EAST 33RD ST FAMILY LIMITED

PARTNERSHIP and ALFREDO BATTAGLIA, all or part of any verdict or judgment which plaintiff may recover against answering defendants.

### JURY DEMAND

Defendant hereby demands a trail by jury on all issues so triable.

**WHEREFORE**, the defendants, **MATHIAS PETER s/h/a PETER MATHIAS and LTF2 LLC,** respectfully demands judgment dismissing the complaint of the plaintiff herein in its entirety, together with the costs, disbursements and reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 3, 2018

Yours, etc.,

KATHLEEN E. NEGRI STATHOPOULOS, ESQ.

By: *Kathleen E Negri Stathopoulos, Esq*
Kathleen E. Negri Stathopoulos
MATHIAS PETER s/h/a PETER MATHIAS
and LTF2 LLC
6917 Fort Hamilton Parkway
Brooklyn, New York 11228
(718) 567-2990
negriesq@aol.com

TO: Finkelstein Law Group
Stuart Finkelstein
Attorneys for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791

Wilson, Elser, Moskowitz, Edelman & Dicker LLP
John P. Kelly, Esq.
Attorneys for the Defendants,
153 East 33rd St Family Limited Partnership
and Alfredo Battaglia
150 E. 42nd Street
New York, New York 10017