UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – X

JOSE FIGUEROA,

                          Plaintiff,                    Case No.:18-cv-02621

    -against-

153 EAST 33RD STREET FAMILY LIMITED
PARTNERSHIP, ALFREDO BATTAGLIA,
PETER MATHIAS and LTF2, LLC,



                          Defendants.
– – – – – – – – – – X

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff, JOSE FIGUEROA, ("Plaintiff"), by and through the undersigned

counsel, Stuart H. Finkelstein, Esq., and pursuant to Rule 34 of the Federal

Rules of Civil Procedure, hereby requests the Defendants,153 EAST 33RD

STREET FAMILY LIMITED PARTNERSHIP, ALFREDO BATTAGLIA, PETER

MATHIAS and LTF2, LLC, produce the below requested documents to Plaintiff at

the Law Offices of Stuart H. Finkelstein, Esq., 338 Jericho Turnpike, Syosset,

New York 11791 by JULY 5, 2018. Plaintiff adopts and incorporates by

reference the Uniform Definitions in Discovery Requests Set forth in Rule 26.3

of the Local Civil Rule.

## DEFINITIONS

1.     The words "you," "yours," and/or "yourselves" mean Defendant(s) and

any directors, officers, employees, agents, representatives or other persons

acting, or purporting to act, on the behalf of Defendant(s).

 2.     The singular shall include the plural and vice versa; the terms "and"

and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

3.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

4.      The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

5.      "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

6.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

7.      The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.      The terms "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9.      The term "action" shall mean the above captioned case, pending in the United States District Court for the Southern District of New York.

## INSTRUCTIONS

10.    The word "identify", when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e. correspondence, memorandum. facsimile, etc.), (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

If you object to fully identifying a document or oral communication because of a privilege you must nevertheless provide the following information pursuant to Southern District of New York L.R. 26.2 unless divulging the information would disclose the privileged information:

1.     The nature of the privilege claimed (including work production);

2.     If the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3.     The date of the document or oral communication;

4.     If a document; its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and if not apparent, the relationship  between the author and addresses;

5.     If an oral communication: the place where it was made, the names of the persons present while it was made, an, if not apparent, the relationship of the persons present to the declarant; and

6.　　　　The general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your responses to these requests for production under the circumstances specified in Fed.R.Civ.P. 26(e).

**+++*The 2015 Advisory Committee Notes on Rule 34(b) (2) (C) requires lawyers to state whether anything is being withheld based on a particular objection "should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Rule 34 requires a litigator to state grounds for objections with specificity; state whether any responsive materials are being withheld on the basis of that objection; and specify the time for production.***

## READILY ACHIEVABLE/ UNDUE BURDEN

These interrogatories are derived from 28 C.F.R. *§* 36.104, and the definitions of "readily achievable" and "undue burden" contained therein and therefore, all terms used herein are defined and construed as they are used in 28 C.F.R. *§* 36.104.

1.　　　　Please state the basis for your contention that the alterations and modifications demanded by Plaintiff in the complaint are not "readily achievable", are "structurally impractical" or are "technically infeasible".

2.         Please state the cost to achieve the alterations and modifications demanded

by the Plaintiff in the complaint.

3.        Please state the overall financial resources of the Facility for each year from

2013 to present.

4.          Please state your gross and net income from the Facility for each year from

2013 to present.

5.          Please state which of the alterations and/or modifications sought by the Plaintiff are not required by the ADA.

6.          Pease state your net worth for each year from 2013 to present.

7.        Please state in detail the applicable Statute of Limitations and the

applicable Federal Administration and/or Agency whose rules, statutes and or

regulations that renders Plaintiff's Complaint barred, in whole or in part.

8.        Please state which of Plaintiff's claims should be barred in whole or part,

because the modifications would result in a direct threat to the safety of others.

9.       Please state the total number of persons employed at the Facility for each

 year from 2013 to present, either by you or by others, including lessees.

10.        Please describe the type of operation or operations that you perform at the Facility and/or that are performed at the Facility by others, including lessees.

11.    Please describe in detail which of Plaintiff's claims are barred because the proposed modifications are structurally impracticable.

12.     Please describe how the alterations and modifications demanded by Plaintiff will fundamentally alter the nature of goods, services, facilities, privileges, advantages, or accommodations and would impose an undue burden by you or others.

13.   Please describe any legitimate safety requirements that are necessary for safe operation, including crime prevention measures, that could make the alterations and modifications demanded in the complaint not readily achievable.

14.     Please identify which of the alterations and modifications demanded by Plaintiff in the complaint would result in violations of federal, state or local law, and explain which laws would be violated and in what manner.

15.     Please describe the present alternative methods existing at the subject facility that makes its goods, privileges, advantages and accommodations available.

16.        Please provide the names and addresses of all regulatory authorities that
approved the Subject Facility at issue from 2010 to the present.

17.        Please state any and all disability access laws and/or regulations upon which
Plaintiff relies have, at any time, been suspended.

18.	Please state what rules, codes, statutes, ordinances, regulations, standards or any other authority Plaintiff utilizes to claim the alleged violations which are not applicable to the Defendants.

19.     Please state the gross and net income of any parent companies or entities for each

 year from 2013 to present.

20.        Please state what rules, codes, statutes, ordinances, regulations, standards or any other authority Plaintiff utilizes to claim the alleged violations have been complied with in 'good faith' by the Defendants.

21.      Please state which modifications that Defendants claim may not be able to be performed are subject to and limited by which applicable codes, rules, statutes, ordinances, laws and regulations.

## BARRIER REMOVAL AND ALTERNATIVES

These interrogatories are derived from 28 C.F.R. § 36.304-305, regarding barrier removal and alternatives to barrier removal, and therefore, all terms used herein are defined and construed as they are used in 28 C.F.R. § 36.304-305.

22.    Please describe all efforts undertaken after January 26, 1992, to make the Facility accessible to persons with disabilities, including removal of architectural barriers for persons with disabilities and/or providing alternatives to barrier removal, including the date(s) on which such efforts were taken.

23.     Please state the cost of your efforts undertaken since 2010 to make the Facility accessible to persons with disabilities, to remove architectural barriers for persons with disabilities, or to provide alternatives to barrier removal.

ALTERATIONS


These interrogatories are derived from 28 C.F.R. § 36.402-405 regarding alterations, and

therefore, all terms used herein are defined and construed as they are used in 28 C.F.R.

§ 36.402-405. As to the scope of the interrogatories, they only concern alterations to the

Facility undertaken after January 26, 1992.


24.         Please state the completion date of any alterations made to the Facility

undertaken since 2010.


25.    Please describe the alterations made to each element, space or area of the Facility.

*The 2015 Advisory Committee Notes on Rule 34(b) (2) (C) requires lawyers to state whether anything is being withheld based on a particular objection "should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Rule 34 requires a litigator to state grounds for objections with specificity; state whether any responsive materials are being withheld on the basis of that objection; and specify the time for production.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, the 4th day of July, 2018 to Kathleen E Negri Stathopoulos, Esq. 6917 Fort Hamilton Parkway Brooklyn, NY 11228, the address designated for that purpose by depositing true copy of same enclosed in one postage paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within New York State and by email: negriesq@aol.com

_____S/S_____
Stuart H. Finkelstein, Esq.
FINKELSTEIN LAW GROUP, PLLC
Attorney for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900