USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __2/12/19__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE FIGUEROA,

                Plaintiff,

- against -

153 EAST 33RD ST FAMILY LIMITED
PARTNERSHIP, et al.,

                Defendants.

**ORDER**

18 Civ. 2621 (ER)

Ramos, D.J.:

On February 5, 6, and 8, 2019, the parties filed stipulations purporting to dismiss this case without prejudice. Docs. 54, 55, 56. On February 8, 2019, the Court directed Plaintiff's counsel, Stuart H. Finkelstein, to file a letter with the Court (1) clarifying the status of his anticipated motion to withdraw, of which he had announced his intention on February 1, 2019, and (2) establishing that he has authority to stipulate to dismiss this case.[1] Doc. 57; *see United States v. Mercedes-Benz of N. Am., Inc.*, 547 F. Supp. 399, 400 (N.D. Cal. 1982) ("While the filing of a stipulation of dismissal is effective automatically and does not require judicial approval, the court, exercising its inherent powers, may look behind it to determine whether there is collusion or other improper conduct giving rise to the dismissal.").

---

[1] The Court takes judicial notice that on January 29, 2019—three days before Mr. Finkelstein stated that he would move to withdraw—Judge Caproni, in a case involving a different plaintiff represented by Mr. Finkelstein, ordered him to "show cause why he should not be referred to the Grievance Committee of the Southern District of New York for voluntarily dismissing his client's case with prejudice in apparent violation of Rule 1.2(a) of the New York Rules of Professional Conduct." *Burgess v. Two Charlton Owners Corp.*, No. 18 Civ. 5955 (VEC), Doc. 46, at 2 (S.D.N.Y. Jan. 29, 2019); *see* N.Y. Rules of Prof'l Conduct r. 1.2(a) ("[A] lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a client's decision whether to settle a matter.").

In response, Mr. Finkelstein stated that Defendants' counsel initially would only agree to stipulate to a dismissal *with* prejudice. Doc. 59. Mr. Finkelstein stated that he "did not have authority from [his] client to do so," which prompted him to request to move to withdraw as counsel. *Id.* After February 1, 2019, Defendants' counsel agreed to stipulate to dismiss *without* prejudice and without costs or attorneys' fees against any party, which was agreeable to Mr. Finkelstein. *Id.*

The Court does not understand why a lack of authority to dismiss the case with prejudice would provide a satisfactory reason for withdrawal, rather than a reason to simply continue litigating the case. Furthermore, Mr. Finkelstein has failed to follow the Court's clear direction to "establish[] that he has authority to stipulate to dismiss this case," on which his response is silent. Doc. 57, at 2.

In light of his puzzling and insufficient response, Mr. Finkelstein is directed to file by **February 15, 2019**, an affidavit, signed under penalty of perjury, specifying the following:

1. His grounds for believing that his lack of authority to dismiss the case with prejudice would constitute an appropriate basis to withdraw;

2. When he last had contact with Plaintiff, and the method of that communication;

3. Whether he informed Plaintiff of Defendants' offer to stipulate to dismiss without prejudice, and if so, when and how he informed Plaintiff;

4. Whether Plaintiff consented to stipulate to dismiss this case, and if so, when and how Plaintiff consented; and

5. Whether any party has paid or agreed to pay any consideration to settle this case.

It is SO ORDERED.

Dated: February 12, 2019
New York, New York

Edgardo Ramos, U.S.D.J.