UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

JOSE FIGUEROA,

                                                                ATTORNEY'S AFFIRMATION

            Plaintiff,

                                                              Case No.: 18-cv-02621 (ER)

      -against-

153 EAST 33RD ST FAMILY LIMITED
PARTNERSHIP, ALFREDO BATTAGLIA,
PETER MATHIAS and LTF2 LLC,


                        Defendants.
————————————————————————-X

     Stuart H. Finkelstein, an attorney duly admitted to practice in the United States District Court for the Southern District Court of New York, affirms under penalties of perjury as follows:

1. I am the attorney for JOSE FIGUEROA the Plaintiff in the above captioned action.

2. I submit this Affirmation in response to the Order to Show Cause issued by the Court on February 15, 2019.

3. This is an action under Title III of the Americans with Disabilities Act.

4. My client, Mr. Figueroa, is disabled. He engaged me to commence an action under the ADA to obtain injunctive relief against the defendants.

5. Among other things, on February 1, 2019 I advised Magistrate Fox that I would be making a motion to withdraw from the instant action. As the Court noted in its order to show cause, I did not advise Magistrate Fox of the basis for my intention. At the time I was uncertain as to how much information I could reveal during that phone call conference, which included counsel for the defendant, without harming my client.

6. Shortly thereafter, defense counsel and I agreed to stipulate a dismissal of the case without prejudice and submitted documentation to that effect. I now realize that this was an error and I should have followed through with filing a motion to be relieved. However, at the time I mistakenly believed it to be an appropriate way to protect my client's interests without having to reveal the breach in the attorney-client relationship.

7. To be clear, at the time of the phone conference with Magistrate Fox, I was not in contact with my client. I had been in contact with my client until the early part of January, 2019. I called Mr. Figueroa's cell phone number approximately six times from the end of December, 2018 up to the first part of January, 2019 and never received any response from him.

8. As the Court can see from the above, I had a legitimate basis for seeking to be relieved pursuant to the New York Rules of Professional Conduct, Rules 1.16(c)(1) & (7)[1]. Unfortunately, I made an error in judgment in assuming that the dismissal without prejudice was appropriate because it would accomplish the same result without any harm to my client (as he would be able to restart the matter simply in the future); without recognizing that the lack of express authority prohibited the use of that device as a means to accomplish that goal.

9. I agreed it to the dismissal without prejudice because it protected my client from a possible future finding that would permanently eliminate his right to the action. As I was not in contact with him and was unable to ascertain his intentions for the future, this course of action seemed appropriate at the time. Unfortunately, I now realize that I should not have undertaken this particular course of action because of the lack of authority to do so.

---

[1] **(c)** Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:
*(1)* withdrawal can be accomplished without material adverse effect on the interests of the client;
\*\*\*
*(7)* the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;

10. I assure this Court, that while my decision was erroneous, it was an innocent mistake. My concern at the time was to avoid any action that would eliminate my client's right to continue this action; should he so desire. My inability to contact him put me in a difficult position. However, my goal in taking the action that I did was to protect my client. While I now know that the course of action I chose was inappropriate, and I understand that the Courts' concern that I entered into the stipulation without appropriate client authority, I respectfully submit that the end result of the submission of the stipulation would have been the same as a motion to be relieved. That said, I accept that I chose the wrong option.

11. In retrospect, and after discussing this matter with experienced counsel, I see the error of my choice. I understand that even though the client was not harmed, entering into a stipulation on behalf of a client without the client's express consent is inappropriate.

12. I further acknowledge that the appropriate action would have been to make a motion to be relieved based upon my inability to contact and communicate with my client, the apparent breakdown of the attorney-client relationship, and the impossibility of continuing to carry out the employment. I now understand this thoroughly, and assure this Court I will not make a similar mistake in the future.

13. I respectfully ask this Court to not refer this matter to the Grievance Committee; instead allowing me to file the appropriate motion at this time to be relieved from further responsibility to my client.

Dated: March 15, 2019
Syosset, New York

_____
Stuart H. Finkelstein, Esq.
Attorney for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900