UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/5/2019
```

---

JOSE FIGUEROA,

                    Plaintiff,

    - against -

153 EAST 33RD ST FAMILY LIMITED
PARTNERSHIP, et al.,

                    Defendants.

**ORDER**

18 Civ. 2621 (ER)

---

Ramos, D.J.:

On February 15, 2019, the Court ordered Stuart H. Finkelstein, counsel to Plaintiff Jose Figueroa, to show cause why he should not be referred to the Grievance Committee of the Southern District of New York for apparently violating Rule 1.2(a) of the New York Rules of Professional Conduct,[1] given that Mr. Finkelstein had filed stipulations purporting to dismiss this case on February 5, 6, and 8, 2019, notwithstanding his admitted lack of consultation with his client.  Doc. 63.

Mr. Finkelstein has submitted an affirmation in response to the Court's Order to Show Cause.  Doc. 64.  Mr. Finkelstein stated that in a telephone conference on February 1, 2019, he advised Magistrate Judge Fox that he intended to move to withdraw.  *Id.* ¶ 5.  Although he did not disclose this to Magistrate Judge Fox at the time, his claimed basis for the motion was that he had been unable to communicate with his client, who did not return several phone calls placed in

---

[1] Rule 1.2(a) provides: "[A] lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued.  A lawyer shall abide by a client's decision whether to settle a matter."  N.Y. Rules of Prof'l Conduct r. 1.2(a).  "The decisions specified in paragraph (a), such as whether to settle a civil matter, must . . . be made by the client."  *Id.* cmt. 1.

December 2018 and January 2019. *Id.* ¶¶ 5, 7. Mr. Finkelstein believed this breakdown in communication provided a "legitimate basis" for withdrawal under Rule 1.16(c)(1) and (7).[2] *Id.* ¶ 8.

Mr. Finkelstein further stated that shortly after the conference, he agreed with Defendants' counsel to file a stipulation of dismissal without prejudice, notwithstanding his lack of authority from his client to do so. *Id.* ¶¶ 6, 9. Mr. Finkelstein stated that he "now realize[s] that this was an error and [he] should have followed through with filing a motion to be relieved," that he "made an error in judgment," and that he "chose the wrong option." *Id.* ¶¶ 6, 8, 10. However, Mr. Finkelstein contends that his stipulation to dismiss without prejudice was an "innocent mistake," because he claims that he wanted to preserve his client's ability to later continue the action, and because he believed that withdrawal would ultimately have resulted in dismissal anyway. *Id.* ¶ 10.

The Court is not convinced that Mr. Finkelstein's mistake was "innocent." Mr. Finkelstein knew that the Rules of Professional Conduct provided a mechanism to address his purported breakdown in client cooperation, namely, withdrawal. Yet instead of following that procedure, he affirmatively chose to address the situation in a manner unauthorized by—and indeed prohibited by—those Rules, by dismissing the case without his client's consent. Additional questionable circumstances include Mr. Finkelstein's unforthcoming communications with Magistrate Judge Fox and this Court, which required the Court to direct Mr. Finkelstein to answer questions under penalty of perjury that he had previously failed to address, and his

---

[2] Rule 1.16(c) provides: "[A] lawyer may withdraw from representing a client when: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; [or] . . . (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively . . . ." N.Y. Rules of Prof'l Conduct r. 1.16(c).

multiple attempts to stipulate to dismiss this case without Court involvement, notwithstanding that the Clerk's Office initially rejected those attempts.[3] *See* Doc. 63, at 1–3. Accordingly, this matter will be referred to the Grievance Committee of the Southern District of New York.[4]

Mr. Finkelstein's belated request for leave to file a motion to be relieved as counsel, Doc. 64, ¶ 13, is DENIED as moot, given that this case is already closed on account of his stipulation to dismiss.

It is SO ORDERED.

Dated: April 5, 2019
       New York, New York

Edgardo Ramos, U.S.D.J.

---

[3] The Court also takes judicial notice that Judge Caproni, in a case involving a different plaintiff represented by Mr. Finkelstein, similarly ordered him to "show cause why he should not be referred to the Grievance Committee of the Southern District of New York for voluntarily dismissing his client's case with prejudice in apparent violation of Rule 1.2(a) of the New York Rules of Professional Conduct." *Burgess v. Two Charlton Owners Corp.*, No. 18 Civ. 5955 (VEC), Doc. 46, at 2 (S.D.N.Y. Jan. 29, 2019).

[4] For the Grievance Committee's consideration and investigation, the Court further notes that media has reported that Mr. Finkelstein has filed numerous lawsuits on behalf of Plaintiff Jose Figueroa without his consent. *See* Julia Marsh, *This Disability Lawyer Has Been Scamming His Clients by Filing Lawsuits Without Their Consent*, N.Y. POST (Feb. 14, 2019, 10:50 PM), https://nypost.com/2019/02/14/this-disability-lawyer-has-been-scamming-his-clients-by-filing-lawsuits-without-their-consent/ ("[T]he attorney, Stuart Finkelstein, had gone on to file 25 more suits on Figueroa's behalf between August 2017 and March 2018, according to court records—without telling him.").